UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LYNN VINCENT, individually and
on behalf of THE ESTATE OF
JORDAN JAMISON, deceased;

        **Plaintiff,**

        v.                                 Case No. 11-C-205

QUALITY ADDICTION MANAGEMENT, INC.,
and JOYCE MADISON;

        **Defendants.**

## DECISION AND ORDER

### NATURE OF THE CASE

This lawsuit commenced by the Plaintiff, Lynn Vincent ("Vincent"), individually and on behalf of the Estate of Jordan Jamison ("Jamison"), her deceased son, is before the Court on Vincent's motion for default judgment against Defendant Joyce Madison ("Madison"). Default was entered against Madison on July 18, 2012. Jurisdiction over this action against Madison arises under 28 U.S.C. § 1332, which requires that the parties be citizens of diverse states and that the amount in controversy exceed $75,000, exclusive of interest and costs.

According to the Amended Complaint (the "Complaint"), Jamison's May 24, 2008, death in Green Bay, Wisconsin was caused by his ingestion of 200 milligrams of liquid methadone, a Schedule II controlled substance, that he obtained from Madison. (Compl. ¶¶ 26-40.) (ECF No. 19.) Madison obtained the methadone from Defendant Quality Addiction Management, Inc. ("QAM"), a corporation specializing in the treatment of persons suffering from opiate dependence. (*Id*. at ¶¶ 7-9.) (The damages, claimed to be in excess of $75,000, are sought for medical, hospital, and any outstanding funeral and burial bills and expenses; past, present and future employment earnings; pain, suffering and emotional distress in the past, present, and future; and reasonable damages for Vincent's loss of her son's society and companionship, loss of services and support. (*Id*. at p. 24.) An award of attorney's fees and costs is also requested. (*Id*.) Four causes of action against Madison are set forth in the Complaint: negligence - duty to third parties for violation of federal regulations (Count II); negligence per se - violation of a criminal statute (Count III); wrongful death (Count IV); and, intentional infliction of emotional distress (Count V).

## DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b), Vincent seeks entry of default judgment in her favor, relying on the affidavit of her attorney. As required by the Servicemembers Civil Relief Act of 2003, codified at 50 U.S.C. App. §§ 501-96, counsel avers that Madison is not currently in active military service. (Aff. filed July 24, 2012, ¶¶ 5-6.) (ECF No. 28-1.) Counsel also avers that, to the best of his information and belief, Madison

is not an infant or incompetent person.  In addition, counsel states that Vincent claims the following sums as damages pursuant to the Complaint: $6,600 for outstanding funeral and burial bills and expenses; $30,000 for past present and future employment earnings; pain, $25,000 for suffering and emotional distress in the past, present, and future; and, $350,000 for Vincent's loss of her son's society and companionship, loss of service, and support.  (*Id*. at ¶ 7.)  Totaled, Vincent requests $411,600 in damages against Madison.

The Court exercises discretion in determining whether to enter default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).  Courts may consider a number of factors when deciding a motion for default judgment, including the amount of money potentially involved, whether there is a material issue of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have.  *See* Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 10A *Federal Practice and Procedure,* § 2685 (3d ed. 1988).

Default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff on each cause of action alleged in the complaint. *Wehrs v. Wells,* 688 F.3d 886, 892 (7th Cir. 2012)  (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of

3

damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Thus, "[d]amages must be proved unless they are liquidated or capable of calculation." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990).

A court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). To prove the amount of damages, however, conclusory allegations in an affidavit are generally insufficient. *E360 Insight,* 500 F.3d at 603. Similarly, when there are component parts to a damages total, the court requires evidence to support the components of the total damages. *Dundee Cement Co.*, 722 F.2d at 1324.

In considering whether to enter default judgment, the Court notes the action was filed in February 2011, however, Madison has not answered or entered an appearance. The Clerk of Court entered default against her on October 3, 2011. Vincent subsequently amended her Complaint and served Madison. (ECF No. 26.) Again, on July 18, 2012, the Clerk of Court entered default against Madison. There is no material dispute of fact and default is not a simple technicality. This action has been pending for over a year and a half, and Madison

has twice received notice of the serious allegations that she is liable for Jamison's death because she provided the methadone to Jamison that he ingested shortly before he died. Although Vincent does not indicate that she has been substantially prejudiced and the consequences of a default judgment against Madison will be significant, the factors weigh in favor of default judgment. Therefore, Vincent's motion for default judgment is granted to the extent that Madison is liable for negligence - duty to third parties for violation of federal regulations (Count II); negligence per se - violation of a criminal statute (Count III); wrongful death (Count IV); and, intentional infliction of emotional distress (Count V).

However, counsel's affidavit is insufficient to establish the claimed damages. *See E360 Insight*, 500 F.3d at 603. Vincent has not provided documentary evidence and/or detailed affidavits to support her claimed damages. She has not established the amount of the damages "with reasonable certainty." *See In re Catt*, 368 F.3d at 793.

Moreover, although not expressly alleged, the Complaint implies that Madison and QAM should be considered jointly and severally liable. (*See* Compl. ¶¶ 86, 92-94.) Thus, the determination of damages must be postponed until after QAM's liability for Vincent's claims is resolved. *See, e.g., Dundee,* 722 F.2d at 1324 ("[W]here liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper [and] . . . a damages hearing may not be held until the liability of each defendant has been resolved.") *See Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F.Supp. 2d 116, 119 (E.D.N.Y.

5

2010). The reason for this rule is to avoid inconsistent damage awards on a single claim involving joint and several liability. *Dundee,* 722 F.2d at 1324

Based on the foregoing, Vincent's motion for default judgment is granted as to Madison's liability and denied without prejudice with respect to amount of damages.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Vincent's motion for default judgment (ECF No. 28) is **GRANTED** to the extent that Madison is liable for Vincent's claims of negligence - duty to third parties for violation of federal regulations (Count II); negligence per se - violation of a criminal statute (Count III); wrongful death (Count IV); and, intentional infliction of emotional distress (Count V); and **DENIED** without prejudice as to damages.

Dated at Milwaukee, Wisconsin this 3rd day of October, 2012.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa
U.S. District Judge**