# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LYNN VINCENT, individually and
on behalf of THE ESTATE OF
JORDAN JAMISON, deceased;

    Plaintiff,

v.              Case No. 11-C-205

QUALITY ADDICTION MANAGEMENT, INC.,
and JOYCE MADISON;

    Defendants.

# DECISION AND ORDER

    This action commenced by the Plaintiff, Lynn Vincent ("Vincent"), individually and on behalf of the Estate of Jordan Jamison ("Jamison"), her deceased son, is before the Court on Vincent's motion to compel. Pursuant to 45 C.F.R. § 160.203 and Wis. Stat. § 146.82(a)(4), Vincent seeks an order compelling Defendant Quality Addiction Management ("QAM") to disclose Defendant Joyce Madison's ("Madison") medical records as sought by Vincent's first set of interrogatories and requests to produce.

    In opposing the motion, QAM contends that Wisconsin law codifies the principle of patient confidentiality in both Wis. Stat. § 146.82, confidentiality of patient health care records, and Wis. Stat. § 905.04, the physician-patient privilege, both of which apply to

this action, and neither has a general exception for litigation that justifies the order requested by Vincent.

Rule 26(b)(1) of the Federal Rules of Civil Procedure explains: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . " A party may seek an order to compel responses to discovery requests in the event that the opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3). In responding to a motion to compel discovery, the party that objects to the discovery request has the burden of demonstrating, with specificity, why the information sought is not discoverable. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002).

This matter is before this Court based upon diversity jurisdiction. Therefore, Wisconsin privilege law governs this dispute. *See* Federal Rule of Evidence 501; *See also NW. Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004) (noting, among other things, that the Health Information Portability and Accountability Act of 1996 ("HIPAA") is procedural and not substantive in nature — i.e., it does not create a doctor/patient privilege). Wisconsin law, however, does recognize a doctor/patient privilege.

Wisconsin Statute § 146.82(1) provides "All patient health care records shall remain confidential. Patient health care records may be released only to the persons designated in this section or to other persons with the informed consent of the patient or of a

2

person authorized by the patient." However, Wis. Stat. § 146.82(2)(a)4 further provides "[n]otwithstanding sub. (1), patient health care records shall be released upon request without informed consent in the following circumstances: . . . Under a lawful order of a court of record."

>Section 905.04(2) of the Wisconsin Statutes provides:
>
>A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential[1] communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition, among the patient, the patient's physician, the patient's podiatrist, the patient's registered nurse, the patient's chiropractor, the patient's psychologist, the patient's social worker, the patient's marriage and family therapist, the patient's professional counselor or persons, including members of the patient's family, who are participating in the diagnosis or treatment under the direction of the physician, podiatrist, registered nurse, chiropractor, psychologist, social worker, marriage and family therapist or professional counselor.

Section 905.04(3) of the Wisconsin Statutes further provides that "[t]he person who was the physician, podiatrist, registered nurse, chiropractor, psychologist, social worker, marriage and

---

[1]The statute provides that:

"[a] communication or information is 'confidential' if not intended to be disclosed to 3rd persons other than those present to further the interest of the patient in the consultation, examination, or interview, to persons reasonably necessary for the transmission of the communication or information, or to persons who are participating in the diagnosis and treatment under the direction of the physician, podiatrist, registered nurse, chiropractor, psychologist, social worker, marriage and family therapist or professional counselor, including the members of the patient's family."

Wis. Stat. § 905.04(1)(b).

3

family therapist or professional counselor may claim the privilege but only on behalf of the patient. The authority so to do is presumed in the absence of evidence to the contrary."

The statute includes a number of exceptions to the privilege. *See* Wis. Stat. § 905.04(4)(a)-(i). QAM asserts that none of them apply and Vincent has not contested that contention.

While QAM may assert the privilege on behalf of Madison, *see Crawford ex rel Goodyear v. Care Concepts, Inc.,* 243 Wis.2d 119, 133, 625 N.W. 2d 876, 884 (Wis. 2001), the privilege is narrowly construed. *Steinberg v. Jensen*, 194 Wis. 2d 439, 464, 534 N.W.2d 361, 370 (Wis. 1995). By statute, the privileged matters are limited to "confidential communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition." For example, the privilege does not prevent disclosure of the dates of Madison's treatment or the identity of those who treated her. *See Santelli v. Electro–Motive*, 188 F.R.D. 306, 310 (N.D. Ill. 1999) (citing *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 531 (N.D. Ill. 1999)).

While QAM may withhold "confidential communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition," Wis. Stat. § 905.04(2) does not provide authority for QAM to withhold all of Madison's medical records. Therefore, Vincent's motion to compel the production of Madison's medical records by QAM is granted to the extent that those records

4

do not contain confidential communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Vincent's motion to compel (ECF No. 41) is **GRANTED IN PART** and **DENIED IN PART.**

Dated at Milwaukee, Wisconsin this 14th day of January, 2013.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

5

Case 2:11-cv-00205-RTR   Filed 01/14/13   Page 5 of 5   Document 45