**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**LYNN VINCENT, individually and on behalf of**
**The Estate of JORDAN JAMISON, deceased**

      Plaintiff,

-vs-                                                   **Case No. 11-C-205**

**JOYCE MADISON,**

      Defendant.

## DECISION AND ORDER

Jordan Jamison ("Jamison"), a young man, engaged in conduct that proved fatal by ingesting 200 milligrams of liquid methadone he illegally obtained from Defendant Joyce Madison ("Madison"). Madison, who was at the time a long-time family friend, had drug addiction problems. She obtained the methadone as part of the treatment provided by Defendant Quality Addiction Management, Inc. ("QAM"), a health care provider for individuals with opiate dependence. It is from this tragic string of events that this action arises. The action is before the Court on Plaintiff Lynn Vincent's ("Vincent") second motion for default judgment for liability and $5,000,000 in damages on her Second Amended Complaint pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, accompanied by an affidavit of counsel. (ECF No. 53.)

Jurisdiction over this action against Madison arises under 28 U.S.C. § 1332, which requires that the parties be citizens of diverse states and that the amount in

controversy exceed $75,000, exclusive of interest and costs.  Venue is proper in this District.

*Background*

Madison was served with the Summons and Complaint (and subsequently amended complaints).  She has not appeared in this action.  On July 18, 2012, with respect to the First Amended Complaint and upon the motion of Vincent individually and on behalf of The Estate of Jamison, the Clerk of Court entered default against Madison.  On July 24, 2012, Vincent filed a motion for default judgment against Madison.  (ECF No. 28.)

By an October 3, 2012, Decision and Order, the Court granted in part Vincent's motion for default judgment with respect to Madison's liability for the claims against her, and denied in part the motion with respect to damages, in part because joint and several liability was alleged, so damages against Madison could not be ascertained until there was a determination regarding whether or not QAM was liable.  (ECF No. 35.)

Vincent filed a Second Amended Complaint.  (ECF No. 36.)  On September 25, 2013, the Court approved a stipulation between Vincent and QAM, dismissing the claims and action against QAM with prejudice.  (ECF No. 48.)

By a letter filed October 10, 2013, Vincent reported that she would file a motion to set damages for the entire amount requested in the Second Amended Complaint.  (ECF No. 50.)

She filed a motion for entry of default on February 24, 2014. (ECF No. 51.) While Vincent filed the document as a motion for default judgment, in substance the motion is a motion for default. It asked for entry of default, no more. The Clerk of Court entered default on February 24, 2014.

Consequently, on April 4, 2014, this Court issued a Decision and Order which, among other matters, required that Vincent file additional papers to culminate her claims and the action against Madison. (ECF No. 52.) Vincent responded by filing her second motion for default judgment.

*Analysis*

As required by the Servicemembers Civil Relief Act of 2003, codified at 50 U.S.C. App. §§ 501-96, counsel avers that Madison is not currently in active military service. (Aff. filed April 24, 2014, ¶ 10.) Counsel also avers that, to the best of his information and belief, Madison is not an infant or incompetent person. (*Id.* at ¶ 11.) In addition, counsel states that Vincent claims the following sums as damages pursuant to the Complaint: $6,600 for outstanding funeral and burial bills and expenses; $120,400 for past, present, and future pain, suffering and emotional distress; $350,000 for Vincent's loss of her son's society; $5,000 for loss of services; and $18,000 for loss of support. (*Id.* at ¶ 12(a)-(e).) She also requests pre-judgment interest. (*Id.* at ¶ 13.)

The Court exercises discretion in determining whether to enter default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.

1993).  Courts may consider a number of factors when deciding a motion for default judgment, including the amount of money potentially involved, whether there is a material issue of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have.  *See* Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 10A *Federal Practice and Procedure,* § 2685 (3d ed. 1988).  Default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff on each cause of action alleged in the complaint.  *Wehrs v. Wells,* 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989)).  However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages to a reasonable degree of certainty.  *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

In considering whether to enter default judgment, the Court notes that the action was filed in February 2011; however Madison has not answered or entered an appearance.  The Clerk of Court has entered default against Madison several times, most recently on February 24, and April 24, 2014.  There is no material dispute of fact, and default is not a simple technicality.  This action has been pending for over three years, and Madison has received multiple notices of the serious allegations that

she is liable for Jamison's death because she provided him with the methadone that he ingested shortly before he died. Although Vincent does not indicate that she has been substantially prejudiced, and the consequences of a default judgment against Madison will be significant, the factors weigh in favor of default judgment. Therefore, Vincent's motion for default judgment is granted to the extent that Madison is liable for negligence – duty to third parties for violation of federal regulations (Count II); negligence per se – violation of a criminal statute (Count III); wrongful death (Count IV); and intentional infliction of emotional distress (Count V).

However, counsel's affidavit is insufficient to establish the claimed damages. *e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 603 (7th Cir. 2007). Vincent has not provided documentary evidence and/or detailed affidavits to support her claimed damages. She has not established the amount of the damages "with reasonable certainty." *See In re Catt,* 368 F.3d at 793.

Based on the foregoing, Vincent's motion for default judgment is granted as to Madison's liability. Vincent must appear for an evidentiary hearing to provide testimony and evidence to establish the claimed damages.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Vincent's motion for default judgment (ECF No. 53) is **GRANTED** to the extent that Madison is liable for Vincent's claims of negligence – duty to third parties for violation of federal regulations (Count II); negligence per se – violation of a

criminal statute (Count III); wrongful death (Count IV); and intentional infliction of emotional distress (Count V).

Vincent must appear before this Court on May 30, 2014, at 10:00 a.m., 517 East Wisconsin Avenue, Milwaukee, Wisconsin, Courtroom 320, for an evidentiary hearing to establish the amount of damages sustained as a result of Madison's negligence – duty to third parties for violation of federal regulations (Count II); negligence per se – violation of a criminal statute (Count III); wrongful death (Count IV); and, intentional infliction of emotional distress (Count V).

Dated at Milwaukee, Wisconsin, this 28th day of April, 2014.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**