# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LYNN VINCENT**
**Individually and on behalf of**
**The Estate of Jordan Jamison, deceased,**

      Plaintiff,

      v.                                      Case No. 11-C-205

**JOYCE MADISON,**

      Defendant.

## DECISION AND ORDER

Since May 30, 2014, this action has been at an impasse. On May 30, Plaintiff Lynn Vincent ("Vincent") appeared by counsel at an evidentiary hearing to establish the damages sustained by Vincent that were recoverable against Defendant Joyce Madison ("Madison") based on the Court's April 28, 2014, Decision and Order granting Vincent default judgment on the issue of Madison's liability for damages sustained on Vincent's claims of negligence — duty to third parties for violation of federal regulations (Count II); negligence per se — violation of a criminal statute (Count III); wrongful death (Count IV); and intentional infliction of emotional distress (Count V) (ECF No. 54.)

Counsel stated that Vincent was making a claim for $500,000 in

damages but was not available to testify on May 30.  No evidence was presented.

The Court continued the hearing to another mutually agreeable date.  Counsel was advised that Vincent would have to be available to testify at the next hearing.  Vincent was also directed to file documentary evidence of her damages prior to the next hearing.  (ECF No. 56.)

On July 15, 2014, the Court sent a letter to counsel for Vincent confirming that the hearing was scheduled for August 8, 2014.  (ECF No. 57.)  On August 1, counsel for Vincent called and cancelled the hearing.  No documentary evidence was filed.

On September 9, 2014, the Court sent a letter to counsel for Vincent recapitulating the posture of the case and stating that unless he submitted a status letter indicating how Vincent intended to proceed with her claim for damages within 21 days of the date of the letter, the Court would dismiss this action with prejudice for lack of diligence under Civil Local Rule 41(c).  (ECF No. 58.)  To date, no response to that letter has been received and the 21 days have passed.

Under Federal Rule of Civil Procedure 41(b), a case should only be dismissed when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing."  *Brown v.*

*Columbia Sussex Corp.,* 664 F.3d 182, 190 (7th Cir. 2011) (citation omitted). For Rule 41(b) dismissals, the record of delay, contumacious conduct or prior failed sanctions must be "clear." *Maynard v. Nygren,* 332 F.3d 462, 468 (7th Cir. 2003) (citation omitted). Generally, a single missed deadline or status hearing does not support dismissal for want of prosecution. *See Sroga v. Huberman,* 722 F.3d 980, 983 (7th Cir. 2013). However, Vincent did not present any evidence at the May 30, hearing. She cancelled the second hearing which had been set for an agreed-upon date, and she has not presented any documentary evidence. She also has not responded to the Court's September 9, letter.

Vincent was also warned that failure to prosecute could result in the dismissal of this action. *See Fischer v. Cingular Wireless, LLC,* 446 F.3d 663, 665 (7th Cir. 2006). While the impact of the delay on this Court and the prejudice to Madison is slight, Vincent has not responded to the Court's order, directives, or its most recent letter. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not [sic] decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005) (citations omitted). Dismissal of this action is a drastic sanction. However, given the record of Vincent's delay, it is

the appropriate recourse for the Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Vincent's action is **DISMISSED WITH PREJUDICE FOR LACK OF PROSECUTION**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2014.

**BY THE COURT:**

_____

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**